UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| NJ DOMAINS LLC, | Civ. No.06-CV-6465 |
| Plaintiff, | ECF Case |
| v. | |
| VILLE DE PARIS, | COMPLAINT |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff NJ Domains LLC ("plaintiff"), by its undersigned attorneys, for its complaint against defendant Ville de Paris ("defendant") alleges as follows:

## INTRODUCTION

1. Plaintiff, the registrant of the Internet domain name <paris.com>, seeks a declaratory judgment that its registration, ownership and use of the domain name does not violate any rights or interests arising from defendant's purported ownership of a French trademark for "Ville de Paris."

2. Although numerous courts and administrative panels have previously held that a domain name which incorporates a geographic location (*e.g.*, <barcelona.com>) does not infringe on a trademark that constitutes or incorporates that location, defendant, the City of Paris, France acting through its mayor, has threatened to sue plaintiff in France for trademark infringement if it does not divest its rights in the disputed domain name.

3. In light of the controversy between the parties, which threatens plaintiff's legitimate property rights in the disputed domain name, plaintiff has commenced this action to obtain a declaration of non-infringement from this Court.

## PARTIES

4. Plaintiff NJ Domains LLC is New Jersey limited liability company with a principal place of business at 33 Knightsbridge Road, Piscataway, NJ.

5. On information and belief, defendant Ville de Paris (the City of Paris, France) is represented by government officials who maintain an office for business at 4 Place de l'Hotel de Ville, Paris, France.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 insofar as this action involves claims arising under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1114 et. seq. This Court also has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332(a) insofar as the plaintiff is a citizen of the United States and defendant is a government entity in France, and the value of the property in controversy in this action exceeds $75,000, exclusive of interest and costs.

7. This Court has *in rem* jurisdiction over the subject domain in this action pursuant to 15 U.S.C. § 1125(d), insofar the domain name is registered with Register.com, an authorized domain name registrar with its principal place of business within the City, County and State of New York.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district, and pursuant to 15 U.S.C. § 1125(d) insofar as the domain name registrar, Register.com., has its principal place of business in this judicial district.

## RELEVANT FACTS

### Plaintiff's Acquisition and Use of <paris.com>

9. Upon information and belief, the original owner of the domain name <paris.com> registered the domain name in or around 1995.

10. In or about 2004, plaintiff acquired ownership of the domain name <paris.com>.

11. At the time plaintiff acquired <paris.com, it was registered with Register.com, an authorized registrar with its principal place of business in New York City, and the domain name has been continuously registered with Register.com since that time.

12. Since in or about January 2005, plaintiff has continuously leased the domain name <paris.com> to a third party that operates a website at which hotel reservations can be made.

### Defendant's Trademark and Threat To Sue

13. Upon information and belief, defendant is the City of Paris, France, acting through its government officials.

14. Upon information and belief, defendant has owned the French trademark "Ville de Paris" (City of Paris) since 1991.

3

15. Upon information and belief, from the time defendant first registered the trademark "Ville de Paris" in 1991 until July 20, 2006, defendant never made any claim of ownership in the domain name <paris.com>, and never claimed that use of that domain name infringed upon its trademark.

16. On July 21, 2006, defendant's attorneys sent plaintiff a letter demanding that plaintiff immediately cease and desist any use of the word "Paris," alone or in combination with other words, that plaintiff relinquish its rights in the domain name <paris.com>, and stated that defendant would initiate legal proceedings to protect its putative trademark rights if plaintiff did not comply with these demands.

17. Upon information and belief, at the time defendant's attorneys wrote that letter on July 21, 2006, defendant and/or its agents were aware of one or more of the numerous judicial and administrative opinions, including an opinion by the United States Court of Appeals in an action entitled <u>Barcelona.com, Incorporated v. Excelentisimo Ayuntamiento De Barcelona</u>, 330 F.3d 617 (4th Cir. 2003) (relating to the domain name <barcelona.com>), which have held that a person has no right to obtain and/or enforce a trademark interest in a purely descriptive geographical designation that refers only to a city, state or other location that has not acquired secondary meaning.

18. Plaintiff denies that its registration, ownership or use of the domain name <paris.com> infringes on any of defendant's putative trademark rights.

19. Nonetheless, defendant's demand that plaintiff relinquish all interest in the domain name <paris.com> or face litigation in the French courts creates an actual and legitimate threat to plaintiff's interests in the disputed domain name.

## COUNT I
(Declaration of Non-Infringement)

20. Plaintiff repeats and realleges the foregoing paragraphs of the complaint as if fully set forth herein.

21. Plaintiff is the lawful registrant and owner of the domain name <paris.com> and, throughout its ownership, has used the domain name in a proper and lawful manner.

22. Notwithstanding plaintiff's lawful registration, ownership and use of the domain name <paris.com>, defendant has threatened to sue plaintiff for trademark infringement unless plaintiff immediately ceases and desists utilizing the domain name <paris.com> and relinquishes ownership of the domain name.

23. An actual and justiciable controversy exists between the parties with respect to plaintiff's right to register, own and use the domain name <paris.com>.

24. Plaintiff seeks a declaration, pursuant to 28 U.S.C. § 2201, that plaintiff's registration, ownership and use of the domain name <paris.com> is lawful and proper and does not infringe on defendant's trademark rights, if any, in its Vile de Paris trademark.

## DEMAND FOR JURY TRIAL

25. Plaintiff demands a trial by jury on all claims and issues so triable.

WHEREFORE, plaintiff respectfully requests judgment against defendant as follows:

A. On Count I, a declaration by the Court, pursuant to 28 U.S.C. § 2201, that plaintiff's registration, ownership and use of the domain name <paris.com> is

lawful and proper and does not infringe on defendant's trademark rights, if any, in its trademark for "Ville de Paris;"

      B.    Cost and expenses, including reasonable attorneys fees; and

      C.    For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 24, 2006

                    LAW OFFICES OF MICHAEL A. FREEMAN

                    By: /s/ *Michael A. Freeman*
                        Michael A. Freeman (MAF-9600)
                        24 West 40th Street, 17th Floor
                        New York, New York  10018
                        (646) 366-0881
                        Counsel for Plaintiff

<u>Of Counsel</u>

Ari W. Goldberger, Esq.
ESQwire.com Law Firm
35 Cameo Drive
Cherry Hill, NJ 08003