UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| NJ DOMAINS LLC, | : | |
| | : | Civ. No. 06-CV-6465 (WHP) |
| Plaintiff, | : | |
| | : | ECF Case |
| v. | : | |
| | : | **DECLARATION OF** |
| VILLE DE PARIS, | : | **JOHN J. BURKE, JR.** |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I, JOHN J. BURKE, JR., declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an associate at Winston & Strawn LLP ("Winston & Strawn"), attorneys for Defendant Ville de Paris, and am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in support of the Defendant's motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1610.

3. Plaintiff NJ Domains LLC ("NJ Domains") commenced this action by filing its initial Complaint on August 28, 2006. On May 4, 2007, Plaintiff filed an Amended Complaint. The Amended Complaint is attached hereto as Exhibit "A."

4. NJ Domains' Amended Complaint seeks a declaration, under the Declaratory Judgment Act, 28 U.S.C. § 2201, that its registration, ownership and use of the domain name <paris.com> does not violate any rights or interests arising from Defendant's purported ownership of a French trademark for Ville de Paris. Amended Complaint, ¶ 1.

5. In its Amended Complaint, Plaintiff admits that the Ville de Paris is a "foreign state." Amended Complaint, ¶¶ 6-7.

6. However, Defendant also claims that "the foreign state is not entitled to immunity either under 28 U.S.C. 1605-1607 or under any applicable international agreement." Amended Complaint, ¶ 6.

7. The sole exception to FSIA immunity vaguely plead, and relied upon, by NJ Domains – the "commercial activity" exception of 28 U.S.C. § 1605(a)(2) – is presumably predicated on their claim that in a July 21, 2006 letter, the Ville de Paris threatened to file a lawsuit in France against NJ Domains for trademark infringement if Plaintiff did not divest itself of any rights Plaintiff claimed to possess with respect to the domain name <paris.com>. Amended Complaint, ¶¶ 2, 16-17.  Plaintiff further suggests in its Amended Complaint that Defendant's assertion of rights adversely impacts its registration, ownership or use of <paris.com> and its lease of the domain name to a third-party. Amended Complaint, ¶¶ 3, 12, 21. In making these contentions, the Defendant and the Court are constrained to deduce that a letter sent by a foreign state from outside the territory of the United States is "commercial activity" causing a direct effect upon the Plaintiff here within the United States.

8. NJ Domains expressly admitted in its Amended Complaint that the July 21, 2006 letter set forth the Defendant's legal position regarding the domain name <paris.com> and its possible future intention to commence litigation in France against the Plaintiff. Amended Complaint, ¶¶ 2-3, 12, 16-17.  Nonetheless, the Defendant's communication of its legal position did not represent any "commercial activity" in which the Ville de Paris is actually or presently engaged in, or has engaged in, within the past, and is the sole thread supporting Plaintiff's contention that this Court has subject matter jurisdiction over the Defendant.

9.     A municipality's proclamation of its legal position and possible future course of action does not, and cannot, constitute "commercial activity" sufficient to confer subject matter jurisdiction.  Defendant is a foreign state entitled to immunity; as such, dismissal of the Amended Complaint for lack of subject matter jurisdiction is warranted.  See Defendant's Memorandum of Law, pp. 2-6.

WHEREFORE, Defendant respectfully requests that the Court dismiss this action based upon a lack of subject matter jurisdiction.

Dated: June 6, 2007
        New York, New York

/s/ John J. Burke, Jr.
John J. Burke, Jr.